IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONALD EUGENE COBBS, deceased, )
by and through TRICOLIA A. COBBS, )
Administratrix, )
  )
         Plaintiff, )
  )
         v. )        1:10CV806
  )
COUNTY OF GUILFORD, SHERIFF B.J. )
BARNES, and PRISON HEALTH )
SERVICES, INC., )
  )
         Defendants. )

ORDER

In a Memorandum Opinion, Order and Recommendation entered July 31, 2012 [Doc. 44] the United States Magistrate Judge recommended dismissal of all the Plaintiff's claims against Guilford County and dismissal of the Section 1983 claims against Sheriff Barnes while allowing the "Plaintiff to pursue claims for wrongful death against Sheriff Barnes based on principles of respondeat superior". Sheriff Barnes has filed an objection [Doc. 50] to the recommendation insofar as it might be read to permit a claim against him in his individual as opposed to his official capacity. The Plaintiff has not responded in opposition to the Sheriff's objection.

With regard to North Carolina state law claims such as the claim against Sheriff Barnes, it has been held "[I]n the absence of a clear statement of

defendant's capacity a plaintiff is deemed to have sued a defendant in his official capacity." Reid v. Town of Madison, 137 N.C.App. 168, 172, 527 S.E.2d 87, 90 (2000).  There was no such clear statement in the Second Amended Complaint.

There being no objection to any of the Magistrate Judge's recommendations with the exception of that possible interpretation discussed above, the Recommendations are adopted with the observation that the Plaintiff may pursue the state law wrongful death claim against the Sheriff in his official capacity but not his individual capacity.

This the 28th day of September, 2012

    /s/   N. Carlton Tilley, Jr.
Senior United States District Judge